1  
2  Kevin S. Sinclair, State Bar Number 12277
   *ksinclair@sinclairbraun.com*
3  SINCLAIR BRAUN LLP
   16501 Ventura Blvd, Suite 400
4  Encino, California 91436
   Telephone:  (213) 429-6100
5  Facsimile:  (213) 429-6101

6  Attorneys for Defendant
   NORTH AMERICAN TITLE INSURANCE COMPANY
7  
   DESIGNATED LOCAL COUNSEL FOR SERVICE
8  PER L.R. IA 11-1(b)

9  Gary L. Compton, State Bar No. 1652
   2950 E. Flamingo Road, Suite L
10 Las Vegas, Nevada 89121

11                    **UNITED STATES DISTRICT COURT**

12                         **DISTRICT OF NEVADA**

| BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN TITLE INSURANCE COMPANY, DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive.<br><br>Defendants. | Case No.: 2:21-CV-00415<br><br>**NORTH AMERICAN TITLE INSURANCE COMPANY'S PETITION FOR REMOVAL** |
|---|---|

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE** that defendant North American Title Insurance Company ("North American") hereby removes the instant action to the United States District Court for the District of Nevada (the "District Court"), from Nevada's Eighth District Court in and for Clark County (the "State Court"), pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446.

1.      Plaintiff Bank of America, N.A. as Successor by Merger to BAC Home Loans Servicing, LP ("Bank of America") first filed this action on March 9, 2021 in the State Court.



1. Bank of America originally named as a defendant North American. A true and correct copy of the Complaint is attached hereto as **EXHIBIT ONE**.

2. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a) because: (i) this action is a civil action pending within the jurisdiction and territory of the United States District Court for the District of Nevada; (ii) the action is between citizens of different states; (iii) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and (iv) all procedural requirements for removal are met.

3. *There is Complete Diversity of Citizenship Here*. A corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). Bank of America alleges that North American is a California corporation with its principal place of business in Florida.[1] (Compl. ¶ 2.) Thus, it is a citizen of South Carolina and Florida (see footnote 1, supra). Bank of America has alleged that it is a national banking association charted under the laws of the United States with its main office in the state of North Carolina. (Compl. ¶ 1.) It is therefore a North Carolina citizen for purposes of diversity of citizenship. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (national bank association is citizen of the state where its main office is located). Thus, there is complete diversity of citizenship between and among the parties.

4. *The Amount in Controversy Exceeds $75,000*. The complaint in this action seeks both monetary and nonmonetary relief. Bank of America contends it is suing on six insurance policies in a total amount of $1,389,541.00, and that it is seeking both attorney's fees and punitive damages. Bank of America seeks a judicial declaration that it is entitled to recover the full Amount of Insurance (Compl. ¶ 147), and North American understands that it also claims that sum as a component of its damages. Thus, the amount in controversy exceeds the jurisdictional minimum of the District Court.

//

---

[1] Although it does not affect the diversity of citizenship analysis, North American is actually a South Carolina corporation.

5. ***North American Timely Filed This Notice of Removal***. This action was filed two days ago. Thus, there can be no dispute that North American timely filed the instant notice of removal (i.e., within the 30-day period prescribed by 28 U.S.C. § 1446(b)(1), and less than one year after the action was initiated, as required by 28 U.S.C. § 1446(c)(1)).

6. ***Notice to the State Court and All Adverse Parties***. North American will give notice of this removal to all adverse parties in the action and to the State Court promptly after the filing of the instant Notice of Removal, in compliance with the requirements of 28 U.S.C. § 1446(d).

7. ***All Pleadings from the State Court Action Have Been Attached***. The only pleadings from the State Court Action are attached hereto as **EXHIBITS ONE** and **TWO**.

8. ***This Notice Complies with Fed. R. Civ. P. 11***. This Notice of Removal is hereby signed pursuant to Fed. R. Civ. P. 11(a).

9. Accordingly, as North American has complied with all applicable terms of 28 U.S.C. § 1446, it hereby removes this action in intervention from the State Court to the District Court, and it hereby requests that further proceedings be conducted in the District Court as provided by law.

Dated:  March 11, 2021                     SINCLAIR BRAUN LLP


By:  */s/-Kevin S. Sinclair*
    KEVIN S. SINCLAIR
    Attorneys for Defendant
    NORTH AMERICAN TITLE INSURANCE COMPANY

